

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SLT:GMP  
F.#2010R01661

*271 Cadman Plaza East*  
*Brooklyn, New York 11201*

April 30, 2013

By Hand Delivery and ECF

The Honorable Dora L. Irizarry  
United States District Judge  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

      Re:  United States v. John Cekaj  
           Criminal Docket No. 11-486 (S-1)(DLI)

Dear Judge Irizarry:

      The government respectfully submits this letter in anticipation of sentencing in the above-captioned case, which is scheduled for May 8, 2013.  For the reasons set forth below, the government respectfully requests that the Court sentence the defendant within the advisory Guidelines range of 46 to 57 months' imprisonment.

I.    Background

      In June 2007, agents from the New York Organized Crime Drug Enforcement Strike Force ("OCDESF") began an investigation into a large-scale narcotics distribution organization that was responsible for distributing large quantities of marijuana, cocaine, MDMA and prescription opiates throughout the United States, Canada and Europe.  (Presentence Report ("PSR") ¶ 5-6).

      Beginning in at least 2007 and continuing until his arrest in June 2010, co-defendant Gjevalin Berisha arranged for the transportation of large quantities of marijuana from Canada into the New York City area. (PSR ¶ 11). Beginning in approximately 2008, the defendant, in partnership with his brother Martino Cekaj, along with Faik Mehmeti and Fatmir Mehmeti, invested sums of money in Berisha's marijuana loads. Id. ¶ 26. The defendant, his brother and the Mehmetis would then re-sell the marijuana to their customers. Id.  The defendant is accountable for distributing approximately 400 to 700 kilograms of marijuana from the period between 2008 and 2011.  Id.

On July 13, 2011, a grand jury in the Eastern District of New York returned an eleven-count superseding indictment charging the defendant, among numerous others, in relation to a large-scale narcotics trafficking conspiracy. The defendant, in particular, was charged with five counts, including marijuana importation conspiracy, in violation of Title 21, United States Code, Section 963, and conspiracy to distribute and possess with intent to distribute marijuana, in violation of Title 21, United States Code, Section 846, in connection with his role in purchasing and distributing marijuana.

On November 16, 2012, the defendant pled guilty, pursuant to a plea agreement, to a lesser-included offense within Count Three charging him with conspiracy to distribute and possess with intent to distribute marijuana.

II. Discussion

    A. Legal Standard

The Sentencing Guidelines are advisory, not mandatory. United States v. Booker, 543 U.S. 220, 258-60 (2005). However, the Supreme Court held in Booker that sentencing courts must consider the Guidelines in formulating an appropriate sentence. Id. In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court set forth the procedure for sentencing courts to follow in light of Booker:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.

Gall, 552 U.S. at 49 (citation omitted). Next, a district court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [a district court] may not presume that the Guidelines range is reasonable. [A district court] must make an individualized assessment based on the facts presented." Id. at 49-50 (citation and footnote omitted).

    B. The Advisory Guidelines Range Is 46 to 57 Months

The Probation Department has determined that the defendant's adjusted offense level is 25, the defendant is in Criminal History Category I, and the advisory Guidelines

sentencing range is 57 to 71 months' imprisonment. (PSR ¶ 92). The government supports a further two-point reduction for global disposition given (a) the fact that the defendant pled guilty before the November 19, 2012 global plea deadline outlined in his plea agreement; and (b) the large number of defendants who have pled guilty to date. Including this reduction, the resulting advisory Guidelines sentencing range is 46 to 57 months. Id. ¶ 105.

    C.    A Sentence Within the Guidelines Range Is Appropriate in This Case

Based on the factors set forth in Title 18, United States Code, Section 3553(a), a sentence within the Guidelines range is appropriate in this case.

    1.    The Defendant's Family Circumstances Do Not Warrant a Below-Guidelines Sentence

In his submission, the defendant argues that he is entitled to a non-Guidelines sentence in light of his family circumstances because he is the principal breadwinner for his wife and two sons. Under Section 5H1.6 of the Guidelines, a sentencing court may consider circumstances related to family ties and relationships as a basis for a sentence below the Guidelines only when they are "extraordinary." See, e.g., United States v. Cutler, 520 F.3d 136, 164 (2d Cir. 2008). In the Second Circuit, courts have generally declined to impose a sentence below the Guidelines based on the consideration of family circumstances, either under the Guidelines or pursuant to Section 3553(a), unless the impact on the defendant's family was extraordinary. See, e.g., Cutler, 520 F.3d at 164; United States v. Smith, 331 F.3d 292, 294 (2d Cir. 2003) (rejecting departure where defendant supported one young child and his wife was capable of working, although she would have to drop out of college to do so); United States v. Madrigal, 331 F.3d 258, 260 (2d Cir. 2003) (rejecting family circumstances departure where only one of defendant's six children was under eighteen and his wife was capable of working). In United States v. Selioutsky, 409 F.3d 114, 119 (2d Cir. 2005), the Second Circuit observed that a family circumstances departure is "impermissible" in ordinary circumstances, "especially where other relatives could meet the family's needs."

In this case, while the defendant's family will be adversely affected by his incarceration, nothing in the record suggests that his family's situation is "extraordinary." There is nothing in the record suggesting his wife cannot work; indeed, she was employed for a period of time after the defendant's

arrest and has demonstrated her ability to "meet the family's needs." Selioutsky, 409 F.3d at 119. Virtually all defendants with families face similar situations. Therefore, the defendant's circumstances do not meet the standards set by the Second Circuit, and the defendant is not entitled to a non-Guidelines sentence on the basis of family circumstances.

### 2. A Guidelines Sentence Is Necessary Under Section 3553(a)

A sentence within the advisory Guidelines range is necessary to reflect the seriousness of the offense, promote respect for the law and provide just punishment. 18 U.S.C. § 3553(a)(2)(A). As noted above, the defendant's offense of conviction -- conspiring to distribute over 400 kilograms of marijuana -- is a serious crime that merits a serious punishment. A term of imprisonment within the advisory Guidelines range is therefore necessary in order to serve these important purposes of sentencing.

A sentence within the advisory Guidelines range is also necessary to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(B) & (c). "Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence." United States v. Davis, No. 08-CR-332 (JBW), 2010 WL 1221709, at *2 (E.D.N.Y. March 29, 2010). Both considerations support the imposition of a serious term of imprisonment in this case. Specific deterrence is especially a concern here given that this is not the defendant's first brush with the criminal justice system. Indeed, the defendant has prior convictions for criminal mischief and attempted burglary. (PSR ¶¶ 53-54). A sentence within the advisory Guidelines range is further necessary to deter others who are in a position to choose between a law-abiding life and a life of crime.

### III. Conclusion

In this case, given all of the facts and circumstances discussed above, a sentence within the Guidelines range is necessary in order to achieve the purposes set forth in 18 U.S.C. § 3553(a). Therefore, and for all of the foregoing reasons, the government respectfully submits that the Court should impose a

sentence within the advisory Guidelines range of 46 to 57 months' imprisonment.

                              Respectfully submitted,

                              LORETTA E. LYNCH
                              United States Attorney

By:           /s/
                Steven L. Tiscione
                Gina M. Parlovecchio
                Una Dean
                Assistant U.S. Attorneys

cc:  Clerk of the Court (DLI) (by ECF)
     Kevin O'Donnell, Esq. (by ECF)
     Erin Stewart, U.S. Probation Officer (by email)